UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HENDERSON, <br> Plaintiff, <br> v. <br> J. LEWIS, et al., <br> Defendants. | Case No. 17-cv-06977-HSG (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> Re: Dkt. No. 2 |

## INTRODUCTION

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## ANALYSIS

**A.      Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

**B.     Legal Claims**

According to the complaint, plaintiff is an insulin-dependent diabetic with attendant complications, including high blood pressure, peripheral neuropathy, and episodic hypoglycemia (low blood sugar). Plaintiff alleges that it is the policy of the California Department of Corrections and Rehabilitation ("CDCR") to give all insulin-dependent diabetic inmates a snack consisting of two packs of crackers and one fresh fruit, in addition to the daily standard meals. This "diabetic snack"—as plaintiff refers to it—is meant to safeguard against a hypoglycemic episode when an inmate is confined to a cell overnight. Plaintiff alleges that from May 27, 2016 to January 12, 2017, while incarcerated at SVSP, defendants failed to provide plaintiff with his diabetic snack, causing him to suffer several hypoglycemic episodes.

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs. He names the following individuals as defendants: CDCR deputy director J. Lewis, SVSP warden W.L. Muniz, SVSP medical doctor K. Kumar, SVSP medical doctor B. Marshall, SVSP medical doctor L. Gamboa, SVSP nurse Rodriqez, and SVSP dietician C. Watson.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050,

2

1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if she or he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." *Id.* "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted); *see Farmer*, 511 U.S. at 835-36 & n.4 (recognizing that neither negligence nor gross negligence will constitute deliberate indifference).

Plaintiff's allegations that he suffers from diabetes establish that he has a serious medical need. The complaint, however, fails to satisfy the subjective prong of an Eighth Amendment claim in that it does not allege facts suggestive of deliberate indifference by prison officials or staff to a known risk to plaintiff's health or safety. Plaintiff's allegations regarding the failure to provide a snack amount, at most, to negligence, which is insufficient to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106 (negligence in treating medical condition does not state valid Eighth Amendment claim). Further, with the exception of defendants Rodriqez and Watson, plaintiff does not provide facts linking the named defendants to his claim. Plaintiff attaches to the complaint various exhibits, including California Correctional Health Care Services appeals forms and health care records, apparently as a way to explain his problem. The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one.

3

Therefore, the Eighth Amendment claim is dismissed. Dismissal is with leave to amend for plaintiff to add allegations that show defendants knew about plaintiff's serious medical need and deliberately prevented plaintiff from receiving medical care or failed to treat his serious medical need. In his amended complaint, plaintiff must link one or more defendants to this claim by stating what each proposed defendant did or failed to do that caused a violation of his constitutional rights.

With respect to named defendants Lewis and Muniz, plaintiff has indicated that he named these individuals as defendants because they were responsible for the overall operation of the prison. With respect to named defendants Kumar, Marshall, and Gamboa, plaintiff has indicated that he named these individuals as defendants because they were responsible for the implementation of medical policies. Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff is given leave to amend to add such allegations, if he truthfully can do so.

**C.     Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

1.     Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

2.     If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended

4

complaint must include the caption and civil case number used in this order (C 17-6977 HSG (PR)) and the words AMENDED COMPLAINT on the first page.  If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws.  **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated:  4/3/2018

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

5