UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HENDERSON,<br>        Plaintiff,<br>  v.<br>J. LEWIS, et al.,<br>        Defendants. | Case No. 17-cv-06977-HSG (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the amended complaint and attachments thereto, plaintiff is an insulin-dependent diabetic with attendant complications, including high blood pressure, peripheral neuropathy, and episodic hypoglycemia (low blood sugar). Plaintiff alleges that it is the policy of the California Department of Corrections and Rehabilitation ("CDCR") to give all insulin-dependent diabetic inmates a snack, which is meant to safeguard against a hypoglycemic episode when an inmate is confined to a cell overnight. Plaintiff has had a medical order for a snack for his diabetes treatment for more than twelve years, and this was documented in his medical records at the time he transferred to SVSP on May 27, 2016. Upon his transfer, defendant SVSP nurse Rodriqez gave plaintiff his first insulin treatment. When plaintiff asked Rodriqez for his diabetic snack, she told him that diabetics don't get snacks, and she failed to examine him or review his medical record. Plaintiff had daily visits with Rodriqez, during which she continued to deny his requests for a snack. During these visits, Rodriqez checked plaintiff's blood sugar level. On many occasions, plaintiff's blood sugar levels were low, and plaintiff informed Rodriqez that he was not feeling well. Rodriqez continued to deny plaintiff's request for a snack and failed to inform a physician of plaintiff's low blood sugar. Even after plaintiff showed Rodriqez proof that he had been granted a snack through the inmate grievance process, she refused to provide a snack.

2

Similarly, plaintiff alleges that defendant SVSP dietician C. Watson denied plaintiff's request for a diabetic snack. According to plaintiff, Watson tried to convince plaintiff that it was no longer CDCR policy to provide snacks to insulin-dependent diabetics. Plaintiff alleges this was false because once he left SVSP and transferred to California State Prison–Sacramento, his diabetic snack resumed and was issued daily.

Plaintiff alleges that as a result of these denials, he suffered more than forty hypoglycemic episodes while incarcerated at SVSP. He often relied on a cellmate to share food that the cellmate was able to purchase from the prison canteen. Liberally construed, these allegations state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs as against defendants Rodriqez and Watson.

Plaintiff also names as defendants deputy director of California Correctional Healthcare Services J. Lewis, SVSP warden W.L. Muniz, SVSP chief medical executive K. Kumar, SVSP chief executive officer B. Marshall, and SVSP chief physician executive L. Gamboa. Plaintiff alleges that these individuals bear supervisory liability because they were put on notice that plaintiff was being denied a necessary medical accommodation when plaintiff filed his inmate grievances. The amended complaint and attachments thereto confirm that defendants Lewis, Kumar, and Gamboa either denied or partially denied plaintiff's inmate appeals requesting a diabetic snack. Accordingly, the amended complaint, liberally construed, states a claim of deliberate indifference against Lewis, Kumar, and Gamboa.

The potential liability of defendants Lewis, Kumar, and Gamboa is under the Eighth Amendment, and is not under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). It is alleged here, however, that by denying or improperly handling such appeals, defendants Lewis, Kumar, and Gamboa denied medical care that plaintiff alleges was sorely needed. Thus, it is for the denial of medical care that these defendants may be held liable, not simply for denying administrative appeals.

3

There is nothing in the amended complaint showing that Muniz and Marshall had any knowledge of plaintiff's medical condition, need for a diabetic snack, or his inmate grievances. Nor are the allegations sufficient to show supervisorial liability. To the contrary, plaintiff alleges that Muniz and Marshall approved the use of nourishment and/or supplement orders for insulin-dependent diabetics at SVSP. Accordingly, plaintiff's claims against Muniz and Marshall, which are based on supervisory liability, are DISMISSED. Dismissal is without leave to amend as plaintiff has already been given an opportunity to amend his supervisory liability claims, and it appears further amendment would be futile.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's amended complaint states a cognizable claim as against defendants Rodriqez, Watson, Lewis, Kumar, and Gamboa. The Clerk shall terminate Muniz and Marshall as defendants from the docket in this action.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 16) and a copy of this order upon **Nurse Rodriqez, C. Watson, Dr. K. Kumar, and Dr. L. Gamboa** at **SVSP** and **J. Lewis** at **California Correctional Health Care Service, P.O. Box 588500, Elk Grove, CA 95758**. The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary

4

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

---

judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to that defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 7/9/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge