# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

Plaintiff,

v.

J. LEWIS, et al.,

Defendants.

Case No. 17-cv-06977-HSG (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT RODRIQEZ**

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. On July 9, 2018, the Court screened plaintiff's amended complaint and found that it stated a cognizable Eighth Amendment claim of deliberate indifference to serious medical needs. Service was ordered on four defendants. On July 13, 2018, the summons for defendant Nurse Rodriqez was returned unexecuted with the following remark by the United States Marshal: "CDCR is unable to identify an employee with given last name." Docket No. 22. Accordingly, defendant Rodriqez has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Rodriqez. Consequently, plaintiff must remedy the situation or face dismissal of defendant Rodriqez from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under

Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within **ninety (90)** days of this order**,** plaintiff must effectuate service on defendant Rodriqez, or submit to the Court sufficient information to identify and locate defendant Rodriqez such that the Marshal is able to effectuate service.  **If plaintiff fails to provide the Court with the information requested within ninety (90) days of the date this order is filed, plaintiff's claim against defendant Rodriqez will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

Because the status of defendant Rodriqez remains unclear, the briefing schedule set forth in the Court's July 9, 2018 order of service is VACATED.  The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

**IT IS SO ORDERED.**

Dated:  7/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge