UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>J. LEWIS, et al.,<br><br>    Defendants. | Case No. 17-cv-06977-HSG (PR)<br><br>**ORDER REGARDING UNSERVED DEFENDANT; DENYING PLAINTIFF'S DISCOVERY MOTION**<br><br>Re: Dkt. No. 35 |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. On July 9, 2018, the Court screened plaintiff's amended complaint and found that it stated a cognizable Eighth Amendment claim of deliberate indifference to serious medical needs. Service was ordered on five defendants. Four defendants have been served and have filed a waiver of reply pursuant to 42 U.S.C. § 1997e (g)(1). This order addresses: (1) the status of the unserved defendant; and (2) plaintiff's motion "requesting that this court determine the sufficiency of the defendants' answers to plaintiff's first request for interrogatories," which the Court construes as a motion to compel.

**DISCUSSION**

**A.    Unserved Defendant**

On July 13, 2018, the summons for defendant Nurse Rodriqez was returned unexecuted with the following remark by the United States Marshal: "CDCR is unable to identify an employee with given last name." Dkt. No. 22. On August 6, 2018, plaintiff provided the Court with additional identifying information for the unserved defendant, including the fact that she was a

1  licensed vocational nurse ("LVN") with the full name "J. Rodriquez." Dkt. No. 27. On October
2  4, 2018, counsel for the served defendants filed a notice reporting that the SVSP Litigation
3  Coordinator could not identify an LVN J. Rodriquez, but that an LVN with a similar name—J.
4  Rodriguez—is a current SVSP employee. Dkt. No. 36. Plaintiff will be instructed to notify the
5  Court whether this is his intended defendant, pursuant to the instructions below.

**B.     Plaintiff's Motion to Compel**

Plaintiff has filed a motion "requesting that this court determine the sufficiency of the defendants' answers to plaintiff's first request for interrogatories," complaining that defendants have objected to all nine of his interrogatory requests. Dkt. No. 35 at 1. The Court construes the filing as a motion to compel.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The motion to compel will be DENIED because plaintiff fails to certify that he has fulfilled the meet and confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a). Should plaintiff believe a motion to compel is necessary in the future, plaintiff must include a copy of the request for discovery in his motion to compel, and must include a certification that describes, in detail, plaintiff's efforts to meet and confer, as well as defendants' responses. The parties are reminded that they must put forth a good faith effort to resolve discovery disputes and shall be thorough and specific in their communications with each other.

Plaintiff has also filed a "first request for admissions." Dkt. No. 35 at 2-3. Discovery requests and responses normally are exchanged between the parties without any copy being sent to

the court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

In sum, plaintiff is advised that the court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Unless and until plaintiff files the requisite certification demonstrating that he has conferred with counsel for defendants, making known his intention to file a motion to compel, the Court will not interfere with discovery matters.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff should notify the Court, within **fourteen (14) days** of the date this order is filed, whether the person identified by the SVSP Litigation Coordinator as LVN J. Rodriguez is the intended defendant.

2. Plaintiff's motion to compel is DENIED without prejudice as premature.

This order terminates Dkt. No. 35.

**IT IS SO ORDERED.**

Dated: 10/12/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge