UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HENDERSON,<br>            Plaintiff,<br>v.<br>J. LEWIS, et al.,<br>            Defendants. | Case No. 17-cv-06977-HSG (PR)<br><br>**ORDER FOR SERVICE OF PROCESS AND SCHEDULING** |

Plaintiff, an inmate at California State Prison–Sacramento, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials and staff at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. On July 9, 2018, the Court screened plaintiff's amended complaint and found that it stated a cognizable Eighth Amendment claim of deliberate indifference to serious medical needs. Service was ordered on five defendants. Four defendants have been served and have filed a waiver of reply pursuant to 42 U.S.C. § 1997e (g)(1). Attempts to serve the fifth defendant, who plaintiff originally identified as Nurse Rodriqez and later as Licensed Vocational Nurse ("LVN") J. Rodriqez, have been unsuccessful. The SVSP Litigation Coordinator has identified an LVN and current SVSP employee with a similar name—J. Rodriguez. *See* Dkt. No. 36. Plaintiff has notified the Court that this is his intended defendant. *See* Dkt. No. 39.

Accordingly, to move this action toward resolution, the Court now orders:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 16), a copy of the Court's July 9, 2018 service order (dkt. no. 18), and a copy of this order upon **Licensed Vocational Nurse J. Rodriguez** at the **Salinas Valley State Prison**.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a.    No later than 91 days from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c.    Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

2

judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

5. The Clerk is directed to correct the spelling of defendant Rodriguez's name on the court docket by substituting "LVN J. Rodriguez" for "LVN J. Rodriquez."

**IT IS SO ORDERED.**

Dated: 10/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge